IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SABRINA ASKINS PLAINTIFF

vs. Civil No. 2:12-cv-02210

CAROLYN W. COLVIN DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Sabrina Askins ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Supplemental Security Income ("SSI"), and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her DIB and SSI applications on August 5, 2010. (Tr. 10, 116-123). Plaintiff alleges being disabled due to polycystic kidney disorder, high blood pressure, lumbar back surgery, pain, diabetes, right knee pain, and depression. (Tr. 158). Plaintiff alleges an onset date of May 22, 2010. (Tr. 10, 116, 118). These applications were denied initially and again upon

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

reconsideration. (Tr. 54-57).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 72-82). This hearing was held on June 3, 2011 in Fort Smith, Arkansas. (Tr. 24-53). Plaintiff was present and was represented by Fred Caddell at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Monte Lumpkin testified at this hearing. *Id.* During this administrative hearing, Plaintiff testified she was thirty (30) years old. (Tr. 27). Such an individual is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008).

On July 27, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 10-19). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2014. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 22, 2010, her alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: obesity, polycystic kidney disease, degenerative disc disease of the lumbar spine, and diabetes mellitus. (Tr. 12-13, Finding 3). The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4). The ALJ also determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 18, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the

> claimant has the residual functional capacity to lift/carry ten pounds occasionally, lift/carry less than ten pounds frequently, stand/walk for two hours during an eight-hour workday, sit for six hours during an eight-hour workday, and occasionally climb, balance, crawl, kneel, stoop, and crouch.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). The ALJ determined Plaintiff's PRW included work as a Certified Nurse's Assistant ("CNA"), cashier or stocker, and factory worker. *Id.* Considering her RFC, the ALJ determined Plaintiff would be unable to perform any of her PRW. *Id.* The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 18-19, Finding 10).

The VE testified at the administrative hearing regarding this issue. (Tr. 18-19, 50-51). Considering a hypothetical person with the same limitations as Plaintiff's limitations, the VE testified such a person would retain the capacity to perform the requirements of unskilled, sedentary production occupations. (Tr. 19). Examples include lamp shade assembler, computer assembler, and shoe buckler and lacer with 79,104 such jobs in the nation and 1,227 such jobs in the region. *Id.* The VE also testified such a hypothetical person would retain the capacity to perform work as a charge account clerk with 32,530 such jobs in the nation and 385 such jobs in the region. *Id.* Based upon this testimony, the ALJ determined Plaintiff was not disabled as defined in the Act at any time from May 22, 2010 through the date of his decision or through July 27, 2011. (Tr. 19, Finding 11).

Thereafter, on August 3, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 113). The Appeals Council denied this request for review on July 27,

2012. (Tr. 1-6). On September 11, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 12, 2012. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 14-15. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff raises the following arguments for reversal: (A) the ALJ erred by failing to fully and fairly develop the record in this case; (B) the ALJ's RFC determination is not supported by substantial evidence in the record; and (C) the ALJ did not properly consider her subjective complaints of pain and fatigue. ECF No. 14. In response, Defendant argues the ALJ properly developed the record, substantial evidence supports the ALJ's RFC finding, substantial evidence supports the ALJ's credibility finding, and Plaintiff's request for an award of benefits is

improper. ECF No. 15. The Court will address all of the arguments Plaintiff has raised.

**A. Development of the Record**

In her appeal brief, Plaintiff argues the ALJ erred by failing to fully and fairly develop the record in her case. ECF No. 14 at 12-13. Plaintiff does not provide any specific instances of this failure or provide any indication as to what additional information would have been beneficial in evaluating her claims. *Id.* Upon review, the administrative record in this case is 467 pages long. Included in the transcript are medical records from Plaintiff's treating physicians (Tr. 223-282, 296-467), the transcript from the administrative hearing in this matter (Tr. 24-53), and opinions from state agency medical consultants (Tr. 283-295). The ALJ has a duty to develop a record that is "reasonably complete." *See Clark v. Shalala,* 28 F.3d 828, 830-31 (8th Cir. 1994). In this case, Plaintiff has not demonstrated the transcript in this action is not "reasonably complete."

Plaintiff also claims the ALJ was required to order a consultative examination to assess her "ability to function in the workplace." ECF No. 14 at 13. Plaintiff claims there is no treating or examining source providing an opinion on her actual limitations in the workplace. *Id.* Despite Plaintiff's argument on this issue, the Eighth Circuit has repeatedly held that the ALJ is not necessarily required "to produce additional evidence not already within the record." *Anderson v. Shalala,* 51 F.3d 777, 779 (8th Cir. 1995). Indeed, in *Anderson,* the record was found to be properly developed where the ALJ conducted "an independent analysis of the medical evidence" and relied upon the opinions of two reviewing physicians. *Id.*

As a final point, Plaintiff has the burden and the responsibility to present the strongest case possible.[2] *See Thomas v. Sullivan,* 928 F.2d 255, 260 (8th Cir. 1991). In this action, Plaintiff has

---

[2] Plaintiff indicates in her briefing that she could not present the strongest case possible and could not obtain additional medical records herself because she has no health insurance and has been unable to afford

not presented any evidence indicating further development of the record would have changed the ALJ's decision. ECF No. 14 at 12-13. Accordingly, no remand is required. *See Shannon v. Chater,* 54 F.3d 484, 488 (8th Cir. 1995) (holding "reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial") .

**B. RFC Determination**

Plaintiff's second argument is similar to her first argument. ECF No. 14 at 13-14. With her second argument, Plaintiff broadly claims the ALJ's RFC determination is not supported by substantial evidence in the record and is instead based upon the ALJ's "own inferences" of Plaintiff's limitations. *Id.* Again, Plaintiff has not provided any medical records demonstrating her limitations are any greater than those found by the ALJ. *Id.*

Because Plaintiff has not provided any guidance on this issue, the Court will review the medical evidence in the record to determine whether the ALJ's RFC determination is supported by substantial evidence.[3] An RFC determination is an administrative assessment reserved solely for the ALJ and is based upon the totality of the evidence, including the medical records, observations by treating physicians and others, and the individual's own descriptions of his or her limitations. *See Krogmeier v. Barnhart,* 294 F.3d 1019, 1023-24 (8th Cir. 2002). Plaintiff has the burden to prove her RFC and her claimed limitations. *See Pearsall v. Massanari,* 274 F.3d 1211, 1218 (8th Cir. 2001).

---

additional treatment. ECF No. 14 at 1. Plaintiff, however, has not demonstrated she had been denied medical care because of her financial condition. *See Murphy v. Sullivan,* 953 F.2d 383, 387 (8th Cir. 1992). Indeed, she testified at the administrative hearing in this matter that she was seeking treatment at the Good Samaritan Clinic. (Tr. 29-30). Accordingly, the Court finds Plaintiff's failure to seek any additional treatment is not excused because of her alleged inability to pay.

[3] In the final section of this opinion, the Court will consider whether the ALJ properly evaluated Plaintiff's subjective complaints.

In the present action, Plaintiff alleges an onset date of May 22, 2010. (Tr. 10, 116, 118). The ALJ's decision was entered on July 27, 2011. (Tr. 19). Thus, the relevant time period for this action is from May 22, 2010 until July 27, 2011. The record shows that most of Plaintiff's medical evidence is dated before the relevant time period in this case. (Tr. 223-282, 296-452).

Notably, beginning in January of 2001, Plaintiff was experiencing back problems which resulted in back surgery in May of 2002. (Tr. 231, 235-237, 366-369). Follow-up visits showed Plaintiff healed well, and her doctor discharged her from care in August of 2002. (Tr. 228-230). In May of 2003, Plaintiff visited her doctor with complaints of right flank pain, and her doctor diagnosed renal cysts. (Tr. 410-418). In July of 2005, Plaintiff reported to the emergency room complaining of back pain, and she received medication after being diagnosed with acute back pain. (Tr. 405-407). In January of 2009, Plaintiff went to the emergency room with back pain and received prescriptions for medication. (Tr. 326-328). In December of 2009, Plaintiff visited the emergency room complaining of right flank pain, and she was prescribed antibiotics and pain medication. (Tr. 390-397). She was also instructed to follow-up with her primary care doctor. *Id.*

Three months later, Plaintiff visited her primary care physician with pain complaints. (Tr. 239-240). Plaintiff received a diagnosis of congenital polycystic kidney, fatigue, and polyarthritis. *Id.* After this, Plaintiff visited Michael D. Coleman, Sr., M.D., Plaintiff's treating nephrologist, regarding her diagnosis of polycystic kidney disease. (Tr. 260-263). As Dr. Coleman noted, Plaintiff had not experienced symptoms normally associated with polycystic kidney disease. (Tr. 261-262). Later in March of 2010, Plaintiff visited her primary care doctor complaining of back pain, and an examination revealed tenderness to palpation in the back. (Tr. 243-244). No other problems were noted. *Id.* Plaintiff received prescribed pain medication for this back pain. (Tr. 243-244). At a

follow-up examination, Dr. Coleman assessed Plaintiff has having metabolic syndrome with hyperlipidemia, diabetes mellitus, and proteinuria in the setting of polycystic kidney disease. (Tr. 256-257). Dr. Coleman advised Plaintiff to quit smoking. (Tr. 257). In May of 2010, Plaintiff presented for a follow-up visit with Dr. Coleman, who noted Plaintiff's blood pressure was 125/70 and her weight was 278, but no other abnormalities were noted. (Tr. 255).

Subsequent to Plaintiff's alleged disability onset date of May 22, 2010, the medical record shows that in February of 2011, Plaintiff visited the emergency room after a motor vehicle accident. (Tr. 297-316). A CT scan of her abdomen and pelvis showed bilateral renal cysts but no other abnormalities. (Tr. 300). A CT scan of her lumbar spine revealed evidence of laminectomies on the right L5 and S1, and disc space narrowing, disc bulges, and degenerative facet changes at L4-5 and L5-S1. (Tr. 302). A CT scan of the thoracic spine revealed no acute abnormalities but noted the bilateral renal cysts. (Tr. 304). Plaintiff received a diagnosis of acute cervical, dorsal, and lumbar strain following a motor vehicle accident. (Tr. 307). She received pain medication for treatment and was advised to wear a soft cervical collar for three to five days. (Tr. 308). This is the extent of the minimal evidence during the relevant time period. Thus, the record reveals a history of routine conservative treatment, and no significant treatment after Plaintiff's alleged onset date. This minimal evidence supports the ALJ's RFC finding for sedentary work during the relevant time period.

**C. Credibility Determination**

Plaintiff claims the ALJ erred in assessing the credibility of her subjective complaints. ECF No. 14 at 14-16. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. §

404.1529 and 20 C.F.R. § 416.929.[4] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[4] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski*. (Tr. 12-19). In his opinion, the ALJ noted several inconsistencies between Plaintiff's subjective complaints and her medical records, including the following: (1) Plaintiff leads a "relatively active lifestyle in caring for her nine-year old son"; (2) Plaintiff only received intermittent treatment for her impairments; and (3) Plaintiff drew unemployment benefits after her last job and represented she was "ready, willing, and able to work" and was "actively seeking employment." (Tr. 17). Considering these findings, the Court finds no basis for reversing the ALJ's evaluation of Plaintiff's subjective complaints. *See Renstrom v. Astrue,* 680 F.3d 1057, 1067 (8th Cir. 2012) (holding "[b]ecause the ALJ gave good reasons for discounting Renstrom's credibility, we defer to the ALJ's credibility findings").

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of September 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE